**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| JACK BEAM and RENEE BEAM, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 07 C 1227 |
| | ) | |
| MATTHEW S. PETERSEN,[1] FEDERAL | ) | Judge Rebecca R. Pallmeyer |
| ELECTION COMMISSION CHAIRMAN, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiffs Jack and Renee Beam claim that Defendant, the Federal Election Commission (the "FEC") received their financial records from the Department of Justice (the "DOJ") in violation of the Right to Financial Privacy Act of 1978 ("RFPA"), 12 U.S.C. § 3401 *et seq*. Plaintiffs have sued the FEC through its chairman, Defendant Matthew Petersen. Defendant moves for summary judgment, arguing that no evidence supports Plaintiffs' claim. For the reasons that follow, the motion is denied.

**FACTUAL BACKGROUND**

This case arose out of a federal investigation into contributions made to John Edwards's 2004 presidential campaign by employees of Fieger, Fieger, Kenny, Johnson & Giroux, a Michigan law firm, where Jack Beam is of counsel. The government accused the firm of making payments to its employees to reimburse them for more than $100,000 in contributions to the Edwards Campaign. The investigation ultimately led to criminal charges against Geoffrey Fieger and Vernon Johnson, two of the firm's partners, and a civil enforcement action by the FEC. Fieger and Johnson were acquitted of those charges by a federal jury in 2008—they were represented by the legendary Gerry Spence in what he told jurors would be the last trial of his career. David Ashenfelter & Joe

---

[1] Under Federal Rule of Civil Procedure 25(d), Matthew S. Petersen is substituted as the named Defendant for Donald F. McGahn II, his predecessor as chairman.

Swickard, *Thank You, Jurors, Cleared Fieger Says*, DETROIT FREE PRESS, June 3, 2008, at A3. In 2009, the firm paid $131,000 to the FEC to resolve the civil action without admitting liability. Dawson Bell, *Fieger's Firm Settles Campaign Allegations*, DETROIT FREE PRESS, Nov. 20, 2009, at A6; Letter from Phillip A. Olaya, FEC Attorney, to Michael R. Deszi, Fieger, Fieger, Kenney, Johnson & Giroux Attorney, Attachment 1 (Oct. 20, 2009), *available at* http://eqs.sdrdc.com/eqsdocsMUR/29044253415.pdf (last visited Feb. 4, 2009). The Beams were never charged criminally, and, on October 13, 2009, when the FEC agreed to the settlement, it also determined to take no further action against Jack Beam. Letter from Olaya to Deszi, at 1.

While the government's investigation was ongoing, the Beams sued the Attorney General, the Chairman of the FEC, and unknown FBI agents, alleging that various government officials had violated the RFPA, the Federal Election Campaign Act, and the Administrative Procedure Act, and had retaliated against the Beams for engaging in constitutionally protected activity. The court dismissed all counts in the Beams' first amended complaint. *Beam v. Gonzales*, 548 F. Supp. 2d 596 (N.D. Ill. 2008). In their second amended complaint, the Beams renewed their RFPA and retaliation claims and added a claim for selective and vindictive prosecution. The court dismissed all counts except the RFPA claim against the FEC. *Beam v. Mukasey*, No. 07 C 1227, 2008 WL 4614324 (N.D. Ill. Oct. 15, 2008). In the only claim now before the court, Plaintiffs allege that the FEC obtained their financial records from the DOJ without following the procedures required by 12 U.S.C. § 3412. *Id.* at *8. The parties have engaged in discovery, and the FEC now moves for summary judgment.

## **ANALYSIS**

The court will grant summary judgment when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). "On a motion for summary judgment, the district

court must construe all facts and draw all reasonable inferences in favor of the non-movant." *Srail v. Village of Lisle*, 588 F.3d 940, 948 (7th Cir. 2009).

As the court explained in its earlier order, the RFPA imposes requirements for the transfer of financial records from one government agency or department to another. Under 12 U.S.C. § 3412(a), "[f]inancial records originally obtained pursuant to this chapter shall not be transferred to another agency or department unless the transferring agency or department certifies in writing that there is reason to believe that the records are relevant to a legitimate law enforcement inquiry, or intelligence or counterintelligence activity, investigation or analysis related to international terrorism within the jurisdiction of the receiving agency or department." *See also* 12 U.S.C. § 3417 (establishing civil penalties for RFPA violations). Plaintiffs have alleged that their financial records were transferred from the DOJ to the FEC without the required certification.

The FEC argues that it is entitled to summary judgment on the Beams' RFPA claim because no evidence supports the Beams' allegation that their financial information was ever transferred to the FEC at all. (Def's Br., at 5-9.) The FEC notes that, the primary attorneys working on the case at the FEC and at the DOJ stated that no personal financial information pertaining to the Beams was ever transferred between the agencies. (Wassom Decl., Def's 56.1(a)(3), Ex. 1 ¶ 4; Day Decl., Def's 56.1(a)(3), Ex. 2 ¶ 3-4.)

Plaintiffs respond that testimony by three witnesses constitutes evidence that their financial records were indeed transferred from the DOJ to the FEC. (Pls' Br. at 2-8.) One of those witnesses was Thomas Andersen, an FEC attorney, who testified only that he was provided with some financial records in preparation for his testimony at the criminal trial. (Andersen Dep., Pls' Br., Ex. B, at 19-21.) Although Andersen stated that he recalled seeing an individual's name on the records and that he had a "fairly good recollection" of the individual's name, counsel for the FEC instructed him to not reveal that name based on the law enforcement privilege. (*Id.* at 21.) Andersen testified that the first time he heard the names Jack and Renee Beam was when counsel for the FEC

3

informed him that he would be deposed in this matter, although he may have heard the names in passing at an earlier time. (*Id.* at 8.) On this record, the court is unable to draw any inference regarding the name to which Andersen was referring in his deposition, and Plaintiffs offer no argument on the issue. Plaintiffs also seek to rely on testimony by Roger Hearron, an FEC investigator, who testified that he obtained records from the DOJ both before and after the criminal trial. (Hearron Dep., Pls' Br., Ex. C, at 23-24.) Hearron testified, however, that he had never seen any of the Beams' private financial information. (*Id.* at 55-56, 61.)

Plaintiffs argue that the testimony of Andersen and Hearron supports their RFPA claim, but the court does not agree. Although there is evidence that these two witnesses reviewed *some* financial records, there is no evidence that the records they reviewed included the Plaintiffs' financial records. Liability for obtaining or disclosing financial records under RFPA is available only "to the customer to whom such records relate." 12 U.S.C. § 3417(a). Thus, even assuming that the evidence shows that Hearron and Andersen reviewed financial information in violation of RFPA, that evidence is not sufficient to defeat summary judgment absent evidence that they actually reviewed Plaintiffs' financial records. *See Beam*, 2008 WL 4614324 at *6 (ruling that the Beams lacked standing to make a claim under RFPA based on the investigation of Fieger).

The third witness on whose testimony Plaintiffs rely is FEC Staff Attorney Phillip Olaya. Olaya testified that he had seen financial records that were part of the exhibits used at Fieger and Johnson's criminal trial and that the records included information about the Plaintiffs. (Olaya Dep., Pls' Br., Ex. A, at 21, 28.) Plaintiffs assert that Olaya's testimony alone is sufficient evidence from which a jury could find that the FEC received their financial information in violation of the RFPA. (Pls' Br., at 5.) If the records that Olaya saw were indeed introduced in the criminal trial, though, the court cannot understand how they could be financial records protected by RFPA, and Plaintiffs do not argue to the contrary. *See Bond v. Utreras*, 585 F.3d 1061, 1073 (7th Cir. 2009) ("It is beyond dispute that most documents filed in court are presumptively open to the public.") Instead,

Plaintiffs point out that their financial records were *not* used as trial exhibits in the criminal trial, and Defendant agrees. (Pls' Br., at 5; Def's Br., at 9 n.4.) So Olaya must be mistaken, and two inferences are possible: either he saw some records that were not trial exhibits or he did not see the Beams' financial records at all. As it must at summary judgment, the court relies on the former inference because it is more favorable to Plaintiffs, the nonmoving party. *Srail*, 588 F.3d at 948.

Defendant does not directly address Olaya's testimony in its opening brief in support of summary judgment, and it has not filed a response. The court cannot be sure, but it believes that Defendant intended to refer to Olaya's testimony in the following language found in a footnote:

> To the extent any FEC witness may appear to have been uncertain as to the source or nature of information he may (or may not) have seen, that cannot provide the evidence as to a transfer of private financial information of the Beams required for plaintiffs to prevail, given the clear testimony from the most knowledgeable witnesses that no such transfer occurred.

(Def's Br. at 9 n.4.) That is, Defendant seemingly argues that the court should not credit testimony that is somewhat ambiguous and is contested. Simply put, that is not how summary judgment works. "At summary judgment a court may not assess the credibility of witnesses, choose between competing inferences or balance the relative weight of conflicting evidence." *Abdullahi v. City of Madison*, 423 F.3d 763, 773 (7th Cir. 2005). Based on Olaya's testimony and the undisputed fact that Plaintiffs' financial records were not part of the trial exhibits, a jury could find that the FEC received the Beams financial records. Since there is no evidence of compliance with 12 U.S.C. § 3412, summary judgment must be denied.

**CONCLUSION**

For the foregoing reasons, Defendant's Motion for Summary Judgment [142] is denied.

ENTER:

Dated: February 4, 2010

_____
REBECCA R. PALLMEYER
United States District Judge