THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JACK BEAM and RENEE BEAM, | Civil No. 07cv1227 |
| Plaintiffs, | Judge Rebecca R. Pallmeyer |
| v. | Magistrate Judge Cole |
| MATTHEW S. PETERSEN, FEDERAL ELECTION COMMISSION CHAIRMAN, | [PROPOSED] ORDER GRANTING DEFENDANT'S MOTION IN LIMINE |
| Defendant. | |

**[PROPOSED] ORDER GRANTING DEFENDANT'S MOTION IN LIMINE**

This matter having come before the Court upon Defendant Federal Election Commission's ("FEC") motion in limine pursuant to Federal Rule of Evidence 104(a); the Court having reviewed the motion and related papers; due and proper notice of the Motion having been provided; and after due deliberation and sufficient cause appearing therefore, the Court finds that the motion should be GRANTED.

WHEREFORE, IT IS HEREBY ORDERED that the following evidence shall be excluded from trial in this case:

1. Evidence, including testimony, relevant only to claims the Court has already dismissed from this case, including the letter from Jack Beam to Michael E. Toner, dated October 6, 2006 and the letter from Renee E. Beam to Michael E. Toner, dated October 6, 2006;

2. Evidence, including testimony, relevant only to the Department of Justice's ("DOJ") criminal investigation, indictment, or trial of Geoffrey Fieger and Vernon Johnson, including the grand jury indictment and subsequent acquittal of Fieger and Johnson;

3. Evidence, including testimony, that would breach the secrecy of the Fieger-Johnson grand jury investigation;

4. Testimony by M. Kendall Day relating only to plaintiffs' already dismissed claims or to DOJ's conduct of the Fieger-Johnson criminal investigation and proceedings, including testimony that would breach the secrecy of the Fieger-Johnson grand jury investigation–specifically, Mr. Day's testimony will be limited to:

    (a) Mr. Day's knowledge of plaintiffs' financial records;
    (b) Mr. Day's communications with FEC employees about plaintiffs;
    (c) Mr. Day's knowledge of the categories of information shared with FEC employees; and
    (d) Mr. Day's knowledge of information about plaintiffs' financial records shared with FEC employees.

5. Evidence, including testimony, of claimed actual damages beyond any pecuniary harm caused by the alleged violation by the FEC of the Right to Financial Privacy Act, including any evidence that plaintiffs suffered harm as a result of DOJ's Fieger-Johnson criminal investigation or the FEC's civil investigation into alleged campaign finance violations by associates of Fieger, Fieger, Kenney & Johnson, P.C., and any evidence of harm resulting from emotional distress, reputational harm, or embarrassment; and

6. Evidence, including testimony, protected by the attorney work product doctrine or the law enforcement investigatory privilege, including the documents listed on the FEC's privilege log marked with Bates numbers 45-51, 52-57, 58-59, 60-63, 64-65, 162-163, 164-169, 177, 180-181, 193, 194, 196-97, 206-209, 221-224, 239-244, 311, and 594-611.

ENTERED: July 27, 2010

_____
HON. REBECCA R. PALLMEYER
UNITED STATES DISTRICT JUDGE